IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-230-BO

| | |
|---|---|
| SHARON HOLMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RALEIGH HOUSING AUTHORITY and )<br>THE REAL ESTATE PEOPLE )<br>)<br>Defendants. )<br>_____ ) | O R D E R |

This matter is before the Court on the Raleigh Housing Authority's Motion to Dismiss. For the reasons set forth herein, the Motion is GRANTED. But nothing in this Order shall prevent Plaintiff from asserting any claims arising under state law in a state court of competent jurisdiction.

INTRODUCTION

Plaintiff resided at 1225 Downing Road in Raleigh, North Carolina, from February 2003 to February 2005. During that time, Plaintiff possessed a Welfare to Work Voucher administered under the Section 8 Voucher Program. Under the Section 8 Program, a Voucher holder selects a suitable dwelling in the private rental market. Once selected, the Housing Authority inspects the dwelling in accordance with Department of Housing and Urban Development ("HUD") guidelines. When the unit passes inspection, the Voucher holder may move in.

Plaintiff selected the dwelling at 1225 Downing Road. The dwelling passed inspection, and Plaintiff entered into a lease agreement with Defendant the Real Estate People and moved in.

The Housing Authority paid a portion of Plaintiff's rent and the dwelling was inspected annually per HUD guidelines. Plaintiff Sharon Holman's Complaint alleges that the Raleigh Housing Authority failed to properly inspect her dwelling at 1225 Downing Road and that she and her family were exposed to lead paint as a result. The Housing Authority filed this Motion to Dismiss on April 27, 2010. Plaintiff responded on May 25, 2010. The Motion is now ripe for ruling.

## DISCUSSION

This matter comes to federal court in the first instance pursuant to the 28 U.S.C. § 1337 provision that "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce..." *Perry v. Housing Authority of City of Charleston*, 664 F.2d 1210 (4th Cir. 1981). But the jurisdictional inquiry does not end there because § 1337 does not create a federal claim. Rather, the Court is "concerned solely with legal rights under this federal Act which are enforceable by courts. For unless such a right is found it is apparent that this is not a suit or proceeding 'arising under any law regulating commerce' over which the District Court had original jurisdiction..." *Gen'l Comm. of Adj. of Broth. of Loc. Eng. for Mo.-Kan.-Tex. R. Co. v. Mo.-Kan.-Tex. R. Co.*, 320 U.S. 323, 337 (1943). Thus, "[t]o create federal jurisdiction under this section, some federal right, be it constitutional, statutory, or 'federal common law' must exist, independent of general rights emanating from the power of Congress to regulate commerce." *Perry v. Housing Auth. of City of Charleston*, 486 F.Supp. 498, 501 (D. S.C. 1980), *aff'd* 664 F.2d 1210 (4th Cir. 1981).

As the Fourth Circuit Court of Appeals explained in *Perry v. Housing Authority of City of Charleston*, 664 F.2d 1210 (4th Cir. 1981), the United States Housing Act of 1937, 42 U.S.C. §

1437, *et seq.*, does not create a federal right of action for tenants against a landlord or state housing authority for substandard housing conditions in violation of HUD regulations. Nor may tenants maintain an action in federal court as third-party beneficiaries of a contract between a state housing authority and HUD or pursuant to § 1983. *Id.* Thus, neither participation in the Section 8 Voucher program by the Housing Authority nor the receipt of federal funds by Plaintiff's landlord pursuant to that program is sufficient to give rise to a federal claim. Rather, as the Fourth Circuit explained in *Perry*, claims for substandard housing are more properly pursued in state court. *Id.* As such, the Motion to Dismiss is GRANTED.

## CONCLUSION

Therefore, because this Court lacks jurisdiction, this matter is hereby DISMISSED without prejudice to Plaintiff's ability to assert claims arising under state law in a state court of competent jurisdiction

SO ORDERED, this 12 day of August, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE